No. 27,179.

EARL F. WAKEFIELD, *Appellee*, v. B. SLOOP et al., *Appellants.*

SYLLABUS BY THE COURT.

LOST INSTRUMENTS—*Establishment of Oil and Gas Lease—Sufficiency of Petition.* After an examination of the petition, the court holds that a cause of action for the establishment of a lost oil and gas lease was stated.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed February 12, 1927. Affirmed.

*E. C. Wilcox, Myrtle Youngberg* and *J. Howard Wilcox,* all of Anthony, for the appellants.

*Donald Muir* and *Harry B. Davis,* both of Anthony, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued to compel the defendants to deliver to the First National Bank of Attica an oil and gas lease which had been executed by the defendants and delivered to the plaintiff, or in default of the delivery of the oil and gas lease to the bank to direct the sheriff to execute an oil and gas lease and deliver the same to the bank. The defendants demurred to the plaintiff's petition. That demurrer was overruled, and they appeal.

The petition alleged that the defendants had executed to the plaintiff an oil and gas lease on land situated in Harper county and had delivered the lease to the plaintiff; that the plaintiff soon thereafter placed the lease in an envelope directed to the First National Bank of Attica, and gave the lease thus inclosed in the envelope to the defendant, B. Sloop, and instructed him to mail the lease to that bank to be there held in escrow until a well had been started on a block of leases in the neighborhood of the land in question, when

Lost Instruments, 38 C. J. pp. 251 n. 53, 271 n. 27.

the lease was to be delivered to the plaintiff. The petition also alleges that the defendant, B. Sloop, failed and refused to mail the lease to the bank. The lease recited that it had been executed for and in consideration of $1 paid in cash.

The only question presented is: Did the petition state a cause of action? The lease, when it was signed and delivered, constituted a valid lease. It was not necessary to do anything further to make it effective. Its delivery to B. Sloop with instructions to him to mail it to the bank in Attica did not affect the validity of the lease in any way whatever. The plaintiff owned it and had the right to proceed under it. The fact that it was not in his possession did not affect his rights under it. In order to perfect the plaintiff's record title to operate on the land for oil and gas, it was necessary that the lease be recorded, but the failure to record the lease did not affect his right to go on the land, unless the rights of innocent third parties intervened. The plaintiff had the right to establish the fact that the lease had been given to him. (38 C. J. 251; 17 R. C. L. 1170.) The petition stated a cause of action for the establishment of the lease as a lost instrument. The demurrer was properly overruled.

The judgment is affirmed.